[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties' marriage was dissolved on October 17, 1985, at which time joint custody was ordered with shared primary residence.
By Rule to Show Cause, dated April 5, 1991, the defendant moved to modify judgment and for change of name (113), which was resolved by an agreement between the parties, dated May 13, 1991 (116), and approved by the court on the same day.
By motion dated June 19, 1991, the plaintiff moved for sole custody and a change in the child support order (119).
The defendant filed a Motion for Contempt, dated October 22, 1991, alleging that the plaintiff had not made the monthly child support payments on the 15th of each month, as agreed to on May 13, 1991, but rather, had paid "at his convenience", and had not made the payment due October 15, 1991. This motion was resolved by Agreement/Stipulation (124), dated November 4, 1991, and approved on the same day by the court.
On the same day, the court referred the custody issue to the Family Relations Office for study and an attorney was appointed to represent the minor children.
On October 22, 1991, the defendant filed an "Objection to Motion to Modify Custody" (121). The court is not aware of any rule that requires such a filing.
On January 13, 1992, the plaintiff filed "Motion to Withdraw Plaintiff's Motion to Modify Judgment with Respect to Custody and Child Support", dated June 19, 1991 (127), which sought to do so CT Page 4857 "without prejudice". The defendant filed Notice of Intent to Argue (128). After hearing argument from counsel, the court denied the plaintiff's motion on February 10, 1992.
On January 21, 1991, the defendant filed a Motion for Attorney's Fees (127), citing Practice Book Section 111, Connecticut General Statutes 52-99, 46b-62, and "pursuant to the inherent authority of the court", as the basis for the motion.
The court was not requested to conduct an evidentiary hearing which would be necessary in order to find that the plaintiff's allegations in his motion to modify custody were made by him without reasonable cause, and were found untrue. The same situation prevails with 52-99, which limits attorney's fees to $10.00 for any one offense. Practice Book Section 111 allows a maximum of $250.00 per offense.
Connecticut General Statutes 46b-62 allows the burden of attorney's fees to be redistributed by the court in accord with the parents' respective financial abilities and the criteria set forth in 46b-82. Both parties filed financial affidavits which the court has examined.
The plaintiff, in filing a motion to modify custody barely one month after the parties had apparently resolved their differences by stipulation, thereby forced the defendant to employ counsel again. The plaintiff is in better position to bear the expenses of this renewed litigation than is the defendant.
Therefore, the plaintiff is ordered to pay to the defendant the sum of $1,500.00 as an allowance to defend, payable in three (3) equal installments on the 15th of July, August and September, 1992.
HARRIGAN, J.